# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-707V
Filed: February 23, 2016

* * * * * * * * * * * * * * * * * * * * * * * *
AMY L. SCHIPPOREIT, natural mother    *
and guardian of M.R.R., a minor,      *
                                *
         Petitioner,       *
                                *
v.                                *
                                *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,      *
                                *
        Respondent.     *
* * * * * * * * * * * * * * * * * * * * * * * *

UNPUBLISHED

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs;
Reasonable Amount Requested
to which Respondent Does Not
Object.

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 5, 2014, Amy L. Schipporeit[2] ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[3] on behalf of her minor child M.R.R. 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner filed an amended Petition on June 23, 2015, alleging "causation in fact [for] injury (ies) sustained following the HPV ["Human Papillomavirus"] /

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner originally filed the Petition under a different last name, Amy L. Rawson. *See* Petition, at 1. The undersigned subsequently granted Petitioner's Motion to Amend the Case Caption to reflect Petitioner's new last name. Orders, ECF Nos. 52, 57, 66.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Gardasil #1 and Hepatitis A #1 vaccines administered on August 15, 2011, and for aggravation of injuries sustained following the July 26, 2012 administration of HPV/Gardasil #2, Hepatitis A #2, Tdap[4], and MCV4 vaccines resulting in Immune Thrombocytopenic Purpura ("ITP")." Amended Petition, ECF No. 42, at 1. On January 29, 2016, the undersigned issued a decision awarding compensation to Petitioner. Decision, ECF No. 59.

On February 23, 2016, Petitioner's counsel filed a motion seeking reimbursement for $25,000.00 in attorneys' fees and costs. Motion, ECF No. 62. In accordance with General Order Number 9, Petitioner's counsel filed a statement, signed personally by Petitioner, to verify that Petitioner has not incurred any out-of-pocket litigation costs in pursuit of her claim. *Id.* Petitioner stated that "Respondent does not object to an award in this amount." *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $25,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Carol L. Gallagher, Esquire.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Although Petitioner alleged that the Tdap vaccine significantly aggravated M.R.R.'s prior condition, the parties ultimately agreed that the "Tdap vaccine [did not] play[] any role in causing or significantly aggravating M.R.R.'s alleged injury." Stipulation, ECF No. 58, at n.1. The parties' Stipulation also includes the following statement: "Respondent denies that M.R.R.'s ITP, or any other condition, was caused-in-fact and/or significantly aggravated by her HPV and/or Hepatitis A vaccines . . . and/or her Tdap vaccine was administered on July 26, 2012." Stipulation, at 2.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).